Argued December 9, 1924, reversed and remanded January 2, rehearing denied January 27, 1925.

## STATE *v.* CARL J. LONG ET AL.

(231 Pac. 963.)

**Criminal Law—No Conviction on Testimony of Accomplice Unless Corroborated by Other Evidence of Commission of Crime and Prisoner's Implication Therein.**

1. Under Section 1540, Or. L., jury cannot return, nor court pronounce, judgment on verdict of guilty on testimony of accomplice, unless corroborated by other evidence of commission of crime and prisoner's implication therein.

---

1. Necessity for corroboration of testimony of accomplice, see notes in 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. Rep. 158. See, also, 1 R. C. L. 166.

Criminal Law—Officers' Testimony as to Finding Intoxicating Liquor in Accomplice's Possession Sufficient Corroboration of Manufacture Thereof, but not of Defendant's Implication Therein.

2.  Officers' testimony as to finding intoxicating liquor in possession of accomplice would be sufficient corroboration of latter's testimony as to manufacture of liquor, but not necessarily of defendant's implication therein.

Criminal Law—Sufficiency of Evidence Corroborating Accomplice's Testimony as to Accused's Guilt for Court in Absence of Corroborative Evidence of Corpus Delicti.

3.  Where there is some evidence, other than that of accomplice, tending to connect defendant with commission of crime, question whether accomplice's testimony is so corroborated as to establish accused's guilt beyond reasonable doubt is for jury, but in entire absence of corroborative evidence of *corpus delicti* question is one of law, and court must direct acquittal.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

REVERSED AND REMANDED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Gilbert Hedges* and *Mr. Grant B. Dimick,* with an oral argument by *Mr. Hedges.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

RAND, J.—The defendant, being tried separately, was convicted of the crime of manufacturing intoxicating liquor. The principal testimony relied upon by the state to secure a conviction was that of an accomplice, Tom Scott, who testified that the liquor was manufactured upon his own place; that the defendant furnished the still, the material from which the liquor was manufactured and the barrels for containing it, and that he also sent two men to Scott's place to assist in the manufacture of it and received a share of it, when made.

3.  See 1 R. C. L. 171.

With the exception of the testimony given by Scott, no witness was called who testified that he had ever seen the still or any of the material used in the manufacture of the liquor or any of the liquor when made. If the testimony of the accomplice Scott is eliminated from the case there is no evidence to be found in the record tending to show that the crime charged was ever committed by anyone.

At the conclusion of the trial the defendant moved for a directed verdict upon the ground that the state had failed to offer any evidence corroborating the accomplice, and now seeks a reversal of the judgment upon the same ground.

1. Section 1540, Or. L., provides: ''A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient if it merely show the commission of the crime or the circumstances of the commission.'' The directions of the statute in respect to the corroboration required to support a conviction upon the testimony of an accomplice are imperative and leave nothing to the discretion of the court. The jury may believe the testimony of an accomplice, but unless such testimony is corroborated by such other evidence as tends to connect the defendant with the commission of the crime, the jury is prohibited from returning a verdict of guilty, and the court from pronouncing judgment thereon. The corroboration must go not only to the fact that a crime has been committed, but also to the fact that the prisoner was implicated in it. This rule is stated by Roscoe, in his work on Criminal Evidence, vol. 1, *133, as follows: ''What appears to be required is that there shall be some fact deposed to,

independently altogether of the evidence of the accomplice, which, taken by itself, leads to the inference, not only that a crime has been committed, but that the prisoner is implicated in it.'' This rule was quoted with approval by this court and followed in *State* v. *Scott,* 28 Or. 331 (42 Pac. 1), and is controlling here.

2. The district attorney, in his brief, states that the officers found intoxicating liquor in the possession of Tom Scott, the accomplice in the case. The statement is not borne out by the record, and the fact itself was not deemed of sufficient importance to become the subject of proof on the trial. If these officers had been called and had testified to that fact, although such evidence would not necessarily have implicated the defendant in the commission of the crime, there would have been other evidence than that of the accomplice tending to show that the crime charged had been committed, and this would have been sufficient corroboration of the fact that the crime of manufacturing intoxicating liquor had been committed by someone. But such evidence was not produced, and there is no testimony of any witness, except that of the accomplice, tending to show that any crime was ever committed by anyone.

3. Where there is some evidence other than that of the accomplice which tends to connect the defendant with the commission of a crime, the question of whether the testimony of the accomplice is so corroborated as to establish the guilt of the accused beyond a reasonable doubt is a question for the jury to determine: 1 Wharton Crim. Ev. (10 ed.), § 442. But where, as in this case, there is an entire want of corroborative evidence tending to establish that a crime has been committed, the question is one of law

and not of fact, and in such case it is the duty of the court to direct an acquittal.

In this case the trial court submitted the question to the jury, but as there was a total want of corroborative evidence, it was the duty of the court to direct the jury to acquit.

The judgment will therefore be reversed and the cause remanded, with directions to dismiss the indictment against the defendant.

REVERSED AND REMANDED WITH DIRECTIONS. RE-HEARING DENIED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.