Argued and submitted April 30, convictions affirmed; remanded for resentencing
December 16, 1998

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM LUTHER NORTON,
*Appellant.*

# (CF00937; CA A95955)

972 P2d 1198

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant was convicted of 21 crimes and was sentenced on 16 different convictions after the trial court merged five conspiracy convictions into the underlying offenses. On appeal, defendant assigns error to the trial court's denial of his motion for a continuance, to the court's denial of his motion for judgment of acquittal on three of the counts, and to the imposition of two 18-month consecutive sentences.

On September 22, 1996, defendant was interviewed by Trooper Purdy regarding a number of crimes that had occurred in Union County during the previous year. In the tape-recorded interview, defendant admitted his involvement in some of the crimes. An indictment was returned on October 3, 1996, in which defendant was charged with 22 offenses. On October 8, 1996, defendant waived arraignment. At that time, the court directed that the trial should be held within 60 days of the date of defendant's arrest. On October 10, trial was set for November 7, 1996. On November 4, the court received defendant's motion and affidavit asking for a continuance on the grounds that "[t]he charges involve substantial factual and legal issues; there are at least three co-defendants and another accomplice." The district attorney objected, and the motion was denied that day by Judge Valentine. Judge Valentine, who testified at trial regarding that denial, said that after denying the motion, he told the parties that either of them could renew the motion if it was not possible to be ready for trial by November 7.

On November 7, the trial was set before a different judge. Defendant had not filed a new motion for a continuance or submitted any affidavits in support of a continuance. However, he orally requested a continuance before the trial began. Judge Valentine was called as a witness to explain his reasons for denying the continuance. After hearing Judge Valentine's testimony, the trial court denied defendant's renewed request for a continuance.

■ ■ On appeal, defendant argues that the trial court erred in denying his request at trial for a continuance. A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will be disturbed on

appeal only for abuse of discretion. *State v. Parker*, 317 Or 225, 231, 855 P2d 636 (1993) (quoting *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965)). We conclude that the trial court did not abuse its discretion in denying defendant's oral request for a continuance. Although it is true that Judge Valentine told the parties that they could renew the request for a continuance at the time that he denied defendant's original motion for a continuance, that fact alone is not determinative of whether the trial court abused its discretion in denying defendant's renewed motion for a continuance. Here, defendant did not renew the motion until the morning of trial. He did not file any supporting affidavits, nor did he identify any specific difficulties that he was having in preparing the case. Defendant simply contended that this was a complex case and that he was having trouble keeping the charges straight. Under those circumstances, we conclude that the trial court's denial of the request for a continuance was not an abuse of discretion.

■    Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal on counts 6 and 12, which involved burglary, theft, and arson convictions relating to an incident on July 6, 1996, at the Schuening cabin. In reviewing the trial court's denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state, including all inferences that can reasonably be drawn from the evidence. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 1083 (1994).

■■    Defendant argues that there was not sufficient evidence to support those convictions because the evidence concerning those counts consisted only of the testimony of defendant's accomplices. He asserts that under ORS 136.440,[1] a conviction may not be based on the testimony of accomplices unless corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroborating evidence required by ORS 136.440 must "fairly and

---

[1] ORS 136.440(1) provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

legitimately tend[ ] to connect the defendant with the commission of the crime, so that it can in truth be said that his conviction is not based entirely upon evidence of the accomplice[s]." *State v. Brake,* 99 Or 310, 314, 195 P 583 (1921). If there is some evidence that tends to corroborate the accomplices' testimony, then it is up to the jury to determine whether all of the evidence taken together establishes defendant's guilt beyond a reasonable doubt. *State v. Long,* 113 Or 309, 312, 231 P 963 (1925).

■   In this case, both of defendant's alleged accomplices in the July 6 crimes, Cooter Hopkins and Homer Thorpe, testified that defendant was with them at the time of the crimes and participated in the crimes. Defendant claims that that testimony was not corroborated by other evidence. We disagree. First, there was evidence that, immediately before the crime, defendant and his accomplices were camping together and stole some property from a construction site. Second, in order to enter the property where the July 6 incident occurred, it was necessary to jack up a four-inch pipe, which had been welded to another four-inch pipe embedded in four feet of concrete, and drag the whole thing, weighing approximately 600 pounds, across the driveway. The weight of the pipe would have made it extremely difficult for defendant's alleged accomplices to move it by themselves. In addition, the dust on the pipe had been disturbed in three different places, indicating that three people had been involved in moving the gate. Finally, and perhaps the strongest corroborating evidence, is a statement by defendant himself. During his initial interrogation, defendant was asked how he got through the gate to the Schuening property, and he replied: "The first one,[2] we just undid the cable." In view of the fact that, up to that point, defendant had not been asked any questions about the second incident at the Schuenings' property, his statement could be understood as an indication that he entered the property more than once. We find that the evidence fairly and legitimately connected defendant to the crimes on the Schuenings' property on July 6, 1996, and that

---

[2] The Schuening cabin was burglarized twice. Defendant admits that he participated in the first incident in which he and an accomplice removed a cable that barred the entrance to the property, smashed open the door to the cabin, stole a number of items from inside, and then set fire to the cabin.

a rational trier of fact could have found defendant guilty beyond a reasonable doubt. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

■ Defendant's final claim of error is that his sentence on count 6, the July 6 incident at the Schuening property, was improperly imposed because it did not comply with the "shift to I" rule of the sentencing guidelines. Defendant was convicted of arson, burglary, and theft based on the July 6 incident at the Schuening cabin. At sentencing, the trial court imposed consecutive sentences but did not make an upward departure on the July 6 charges of burglary, theft, and arson. The court sentenced defendant to 18 months on the arson conviction in accordance with gridblock 7F and then imposed a consecutive 18-month sentence for the burglary under gridblock 7E. However, under OAR 213-012-020(2),[3] when imposing the consecutive sentence, the court should have imposed the sentence under column I, which would have been a term of 90 days.

At the time that the court imposed the 18-month consecutive sentence, counsel objected, questioning whether the sentence should be under column I. The court told defendant that he was not making an upward departure and counsel then said, "I'm sorry." By objecting at the time that the 18-month consecutive sentence was imposed and questioning the court on its failure to impose sentence under column I, counsel alerted the court to his concern about the sentence, thereby preserving this error. His subsequent apology to the court did not clearly withdraw that objection. We conclude that the trial court erred in its imposition of sentence on the burglary conviction. The entire case must be remanded for resentencing. ORS 138.222(5).

Convictions affirmed; remanded for resentencing.

---

[3] OAR 213-012-0020(2) provides, in part:

"(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) the presumptive incarceration term or the prison term defined in OAR 213-008-0005 (1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 213-003-0001 (17); and

"(B) up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively."