Argued and submitted November 30, 2005, in case number A122428, convictions on Counts 9, 10, 15, 40, 42, and 43 reversed; conviction on Count 41 reversed and remanded for new trial, in case number A122486, affirmed August 23, 2006

STATE OF OREGON,
*Respondent,*

*v.*

RONNIE JOSEPH TORRES,
*Appellant.*

CR0201931, CR030322;
A122428 (Control), A122486
(Cases Consolidated)

142 P3d 99

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals judgments of conviction in two consolidated cases, A122428 and A122486. He assigns error to trial court rulings in only the first of the two cases, however. In that case, defendant challenges six of his seven convictions on the ground that, among other things, the evidence was legally insufficient. He also challenges the trial court's admission of certain hearsay testimony. The state concedes that the court erred in admitting the hearsay testimony. We conclude that defendant is correct with respect to the sufficiency of the evidence as to the first six convictions, and we accept the state's concession as it applies to the seventh. We therefore reverse six of the convictions, and reverse and remand the seventh in A122428; we affirm as to A122486.

Defendant and several codefendants were charged by indictment in A122428 with a total of 54 different offenses arising out of several incidents in which, among other crimes, defendant and his codefendants, Monk, Roger Haight, and Sarah Haight, stole a variety of personal property items— from duct tape and tools to a pickup truck—during a several-day crime spree. First, several rolls of duct tape and various tools were taken from a storage container owned by American Refrigeration Company in Newberg. Second, a pickup truck was stolen from the Nelsons in Newberg. Third, several days later, running boards and new tires were stolen from a fenced area behind the body shop at Chuck Colvin Auto Center in McMinnville. Fourth, a day or two after that, two motorcycles and two helmets were stolen from a barn located at the rear of Molash's property in Yamhill off Highway 47.

Defendant was charged with a number of offenses. Count 9 of the indictment alleged that defendant and his codefendant Monk committed theft in the first degree by stealing "tools and/or a truck" belonging to American Refrigeration. Count 10 alleged that defendant, Monk, and the Haights committed unauthorized use of a vehicle when they stole the Nelsons' truck. Count 15 alleged that defendant and Monk committed theft in the first degree when they took, and the Haights received, tires and running boards that were the property of Chuck Colvin Auto. Count 40 alleged

that defendant and Monk committed second-degree burglary when they entered Molash's barn. Count 41 alleged that defendant and Monk committed first-degree theft by taking Molash's motorcycles from the barn. Count 42 alleged that defendant, Monk, and the Haights unlawfully possessed a stolen motorcycle, thereby committing the offense of possession of a stolen vehicle. Count 43 alleged that defendant, Monk, and the Haights possessed a second stolen motorcycle, again resulting in the commission of the offense of possession of a stolen vehicle.

At trial, defendant moved for a judgment of acquittal as to all counts save Count 41 on the ground that the only evidence connecting him to the commission of those crimes consisted of uncorroborated statements of two accomplices, Monk and Roger Haight. Defendant argued that, under ORS 136.440, the state was required to establish some corroboration in addition to the testimony of an accomplice.[1] According

---

[1] ORS 136.440 provides:

"(1) A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission.

"(2) As used in this section, an 'accomplice' means a witness in a criminal action who, according to the evidence adduced in the action, is criminally liable for the conduct of the defendant under ORS 161.155 and 161.165 * * *."

ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"(1) The person is made criminally liable by the statute defining the crime; or

"(2) With the intent to promote or facilitate the commission of the crime the person:

"(a) Solicits or commands such other person to commit the crime; or

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime; or

"(c) Having a legal duty to prevent the commission of the crime, fails to make an effort the person is legally required to make."

ORS 161.165 provides:

"Except as otherwise provided by the statute defining the crime, a person is not criminally liable for conduct of another constituting a crime if:

"(1) The person is a victim of that crime; or

"(2) The crime is so defined that the conduct of the person is necessarily incidental thereto."

to defendant, the state failed to offer such corroborative evidence and relied instead solely on the testimony of Monk and Roger Haight. The trial court denied the motions. A jury found defendant guilty of the seven described offenses.

■    In his first through sixth assignments of error on appeal, defendant argues that the trial court erred in denying his motions for judgments of acquittal on the two counts of theft in the first degree (Counts 9 and 15), the count of unauthorized use of a motor vehicle (Count 10), the count of burglary in the second degree (Count 40), and the two counts of possession of a stolen vehicle (Counts 42 and 43). Defendant notes that the trial court determined as a matter of law that Monk was an accomplice and so instructed the jury. Defendant argues that Haight, who was charged as a codefendant in each of the relevant counts, also was an accomplice as a matter of law. According to defendant, Haight's statements therefore could not be used to corroborate those of Monk, and there is no other corroborative evidence.

The state argues that whether a witness is an accomplice and whether there is sufficient corroborating evidence—that is, evidence tending to connect defendant with the commission of the crime—are questions of fact for the jury. According to the state, Haight was not an accomplice because he was acquitted of the relevant crimes and, in any event, there was sufficient other corroborating evidence, such as evidence of what investigating officers found at the Haights' property, namely, the stolen goods.

■    In ascertaining whether the trial court erred in denying defendant's motions for judgments of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact, drawing reasonable inferences and making reasonable credibility choices, could find that the state proved every element of the offenses beyond a reasonable doubt. *State v. Lotches*, 331 Or 455, 498, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001); *State v. Johnson*, 202 Or App 478, 480, 123 P3d 304 (2005), *rev den*, 340 Or 158 (2006). As to whether a witness is an accomplice whose testimony must be corroborated, if there is sufficient evidence to charge a witness of the crime with which a defendant is charged, then the trial court "may determine, as a

matter of law, that the witness is an accomplice." *State v. Oatney*, 335 Or 276, 284, 66 P3d 475 (2003), *cert den*, 540 US 1151 (2004). If, however, the facts regarding whether a witness is an accomplice are in dispute, the jury decides; the burden is on the defendant to prove that the witness is an accomplice so as to require corroboration of the witness's testimony. *Id.* at 284-85.

As to the nature of the corroborating evidence required by ORS 136.440, it must "fairly and legitimately tend[ ] to connect the defendant with the commission of the crime, so that it can in truth be said that his conviction is not based entirely upon evidence of the accomplice[s]." *State v. Norton*, 157 Or App 606, 609-10, 972 P2d 1198 (1998) (quoting *State v. Brake*, 99 Or 310, 314, 195 P 583 (1921) (internal quotation marks omitted; brackets in *Norton*)). Corroborating evidence may be circumstantial. *State v. Walton*, 311 Or 223, 243, 809 P2d 81 (1991); *see, e.g.*, *State v. Dickerson*, 112 Or App 51, 57, 827 P2d 1354, *rev den*, 313 Or 627 (1992) (trial court did not err in denying motions for judgments of acquittal on charges of murder, felony murder, and kidnapping; testimony of an accomplice was corroborated by, among other evidence, testimony of a nonaccomplice witness that the defendant had asked for directions to the park where the victim's body was later found and that he had then taken the victim to a car and left with her). "Nor is it necessary that there be independent corroborating evidence with respect to every material fact necessary to be established to sustain a conviction" for a crime. *Walton*, 311 Or at 243; *see also State v. Rose*, 45 Or App 879, 882, 609 P2d 875 (1980) (corroborating evidence need not be adequate in itself to support conviction if it fairly tends to connect the defendant with commission of the crime). If there is some evidence, however slight or circumstantial, besides the accomplice's testimony that tends to connect the defendant to commission of the crime, then the issue of sufficient corroboration is for the jury. *Walton*, 311 Or at 243; *see also State v. Adams*, 91 Or App 24, 27, 754 P2d 1 (1988); *State v. Schoen*, 34 Or App 105, 110-11, 578 P2d 420, *rev den*, 283 Or 503 (1978).

We first consider whether there is any direct or circumstantial evidence, other than evidence of Haight's statements, that corroborates Monk's statements pertaining to

the relevant charged counts. *See State v. Partee*, 32 Or App 117, 122-23, 573 P2d 751, *rev den*, 282 Or 385 (1978) (where expert witness corroborated the defendant's accomplice's testimony, court did not need to determine whether any of the defendant's other associates were or were not accomplices). At trial, Monk testified that defendant was with him when he broke a lock off a storage container at a construction site in Newberg. Monk said that he then went into a restaurant, and, when he returned to his truck, there was a box of duct tape in it.

Monk also testified that, on the same night, he started a white truck that was parked on the street in Newberg and then left the scene, while defendant remained. Monk later saw the white truck at the Haights' house and later saw defendant driving a white truck. Monk further testified that, in January 2002, Monk and defendant drove separately to Chuck Colvin Auto. Monk jumped the fence and threw tires over the fence. Monk and defendant then loaded tires and running boards into the white truck and defendant dropped the items at the Haights' house.

Monk also testified that he stole two motorcycles from a location outside Yamhill and that defendant transported them in the white truck; Monk sold one of the motorcycles to Haight for $300. Officer Goad testified that Monk had told him that the white truck was defendant's transportation. Officer Steele testified that Monk had told him that he and defendant had taken two motorcycles from a barn and transported them in a truck that had been stolen in Newberg. Detective Stuart testified that Monk had told him that defendant had obtained a ride to the Haight residence and then ridden one of the motorcycles off the property.

With the foregoing testimony of Monk in mind, we turn to the question whether there is evidence that corroborates it as to each of the relevant charges. The state argues that the corroborating evidence was provided by testimony of three police officers—Goad, Stuart, and Steele—who executed a search warrant at Haight's property and found a number of the items of stolen property, including a white truck with "switched" plates, two motorcycles identified as having been stolen in the Highway 47 burglary, tires from

Chuck Colvin Auto, and duct tape. In addition, the state relies on the testimony of a witness, Goddard, who was not named in any of the relevant counts (and who therefore was not an accomplice as to those counts). Goddard testified that, on one occasion, defendant accompanied Monk to Goddard's residence. The state also relies on testimony by a fourth police officer, Van Soolen, who saw defendant with what the officer believed was a motorcycle that was the subject of a theft report not connected to this case and, as he was attempting to arrest defendant at defendant's grandmother's house in Amity, defendant escaped and fled.

We conclude that the evidence relied on by the state does not "fairly and legitimately tend[ ] to connect * * * defendant with the commission of" the relevant crimes. *See Norton*, 157 Or App at 609-10. Although the described testimony by the police officers details various items of stolen property that were found at the Haights' residence during execution of the search warrant, there was no testimony by those witnesses *connecting defendant* to those items, such as testimony placing him at the residence at the time of execution of the warrant.

Nor is Goddard's testimony—that he observed defendant in Monk's company on one occasion—sufficient. Goddard's testimony did not demonstrate, even circumstantially, that defendant and Monk were jointly engaged in criminal conduct on that occasion, much less that they jointly engaged in the criminal conduct at issue here. *See State v. Carroll*, 251 Or 197, 200, 444 P2d 1006 (1968) (fact that the defendant was seen with a person on a particular date was not sufficient to corroborate his criminal involvement in the person's conduct constituting an offense on another date; independent evidence of a defendant's association with an accomplice will furnish corroboration of the accomplice's testimony if it appears that the defendant and the accomplice were observed together at a place and under circumstances not likely to have occurred unless there was criminal concert between them).

Finally, although flight can be circumstantial evidence of guilt, *see, e.g., State v. Minchue*, 173 Or App 520,

524, 24 P3d 386 (2001), Van Soolen's testimony fails to demonstrate that defendant had engaged in any of the particular criminal conduct alleged in this case. In short, the evidence relied on by the state is insufficient to corroborate Monk's accomplice testimony.

■ Because we conclude that there was insufficient corroborating evidence apart from evidence of Haight's statements, we next must consider whether Haight was an accomplice as a matter of law as to any of the charged offenses. *Partee*, 32 Or App at 123. As pertinent here, the indictment demonstrates that Haight was charged as a codefendant in Counts 9, 10, 15, 42, and 43. Accordingly, he was an accomplice as a matter of law for the purpose of those counts, and his statements could not be used to corroborate those of Monk. *Oatney*, 335 Or at 284. It follows that the trial court erred in denying defendant's motions for judgments of acquittal as to those counts. *See State v. Sagdal*, 186 Or App 134, 135, 61 P3d 975 (2003) (where the defendant was convicted on basis of accomplice testimony and corroborative evidence that the state conceded failed to demonstrate that the defendant was connected with commission of the crime, the trial court erred in denying motion for judgment of acquittal).

■ Haight was not, however, charged on Count 40, for burglary in the second degree involving the entry of a building on Highway 47 with the intent to commit the crime of theft of two motorcycles and, thus, was not an accomplice as to that offense. Because evidence of his statements properly could be used to corroborate Monk's testimony as to that count, we must address the sufficiency of the evidence as to that count separately. Monk testified that he took the two motorcycles out of the barn and that defendant transported them. Detective Stuart testified that Haight had told him that the motorcycles discovered on the Haights' property had been brought there by defendant. According to defendant, Haight's statement to the officer was insufficient to corroborate Monk's testimony.

We agree. Nothing in Haight's statement provides even circumstantial evidence that defendant entered the barn from which the motorcycles were stolen or that he somehow aided and abetted Monk in doing so. *See* ORS 164.215

(person commits crime of burglary in the second degree if "the person enters * * * a building with intent to commit a crime therein").[2] Accordingly, the trial court erred in denying defendant's motion for a judgment of acquittal on that count as well. We therefore reverse defendant's convictions on each of the counts at issue in defendant's first through sixth assignments of error—Counts 9, 10, 15, 40, 42, and 43.

In his seventh assignment of error, defendant asserts that the trial court erred in admitting hearsay evidence to the effect that Haight told Officer Goad that defendant had brought the white Ford pickup to the Haights' property. Defendant does not identify the convictions that are at issue in his seventh assignment of error. However, because we have concluded that the trial court erred in denying defendant's motions for judgments of acquittal on Counts 9, 10, 15, 40, 42, and 43, we need not consider the assignment as it may relate to those convictions. In addition, the state concedes that the trial court erred in admitting the challenged evidence and that defendant's convictions on Counts 9, 10, 15, 41, 42, and 43 must be reversed and remanded for a new trial. We agree and accept the state's concession, applying it to Count 41, the only count not a subject of defendant's motions for judgments of acquittal. We therefore reverse defendant's conviction on Count 41 and remand for a new trial.

Defendant raises other assignments of error. In light of our decisions with respect to the foregoing, however, we need not address any of them.

In case number A122428, convictions on Counts 9, 10, 15, 40, 42, and 43 reversed; conviction on Count 41 reversed and remanded for new trial. In case number A122486, affirmed.

---

[2] Indeed, the state did not allege, and does not argue here, that defendant was guilty of having committed the relevant burglary under an aid and abet theory. *See* ORS 161.155(2)(b) (person is liable for criminal conduct of another if the person aids or abets the other person in planning or committing the crime).