On review, the state challenges any interpretation of ORS 136.440(1) that requires that corroborating evidence be independent of accomplice testimony.[1] The state argues that any reference to such a strict requirement in this court's case law was not necessary to the decisions reached in those cases and, in the alternative, if this court has adopted the independent evidence rule, that we should nonetheless consider the wisdom of that rule and determine whether it should give way to an approach that permits reliance on accomplice testimony "to some extent" to show corroboration under the circumstances of this case. The state concedes that the corroboration requirements of ORS 136.440(1) are not met in this case if that statute does include an independent evidence rule.
After examining our case law, we conclude that the independent evidence rule is well-established as legal precedent in Oregon law and that the state has not met its burden **50 to demonstrate that the rule should not have been adopted by this court.
II. ANALYSIS
To aid us in our analysis, we begin with this court's recent decision in State v. Washington , 355 Or. 612, 330 P.3d 596, cert. den. , --- U.S. ----, 135 S.Ct. 685, 190 L.Ed.2d 397 (2014). In Washington , we rejected the defendant's argument that *614 ORS 136.440(1) requires the state to prove a degree of corroborating evidence that would be inconsistent with innocence. Before reaching that conclusion, we summarized the requirements of ORS 136.440(1) as follows:
"This court has long held that
" '[t]he corroboration need not be of itself adequate to support a conviction *** "Any corroborative evidence legitimately tending to connect a defendant with the commission of the crime may be sufficient to warrant a conviction, although standing by itself it would be only slight proof of defendant's guilt and entitled to but little consideration, and even though it is not wholly inconsistent with the innocence of the defendant.["]'
" State v. Reynolds , 160 Or. 445, 459, 86 P.2d 413 (1939). Consistently with those principles, the court more recently summarized the requirements of ORS 136.440 as follows:
" 'By its terms, ORS 136.440(1) requires only that the corroborating evidence tend to connect the defendant with the commission of the offense, here, aggravated murder. That statute does not require corroboration of a particular theory of the commission of the offense.'
" 'It is not necessary that the corroborating evidence be direct and positive; it may be circumstantial. Nor is it necessary that there be independent corroborating evidence with respect to every material fact necessary to be established to sustain a conviction for the commission of a crime. Where there is any evidence apart from that of the accomplice tending to connect the defendant with the commission of the crime, the question of whether the accomplice's testimony is corroborated is one for the trier of fact.'
" State v. Walton , 311 Or. 223, 242-43, 809 P.2d 81 (1991) (citations omitted; emphasis in original). To be sure, evidence of a defendant's association with an accomplice at a **51 particular location, by itself , is insufficient to satisfy the corroboration requirement of ORS 136.440. State v. Carroll , 251 Or. 197, 200, 444 P.2d 1006 (1968). But such evidence still may be considered in conjunction with other evidence that, taken as a whole, tends to connect the defendant with the commission of the offense. See id ."
Washington , 355 Or. at 620-21, 330 P.3d 596 (alterations and emphasis in original). With those principles in mind, we now proceed to the state's arguments in this case.
We first address the contention that the independent evidence rule is not established as Oregon precedent. Accordingly, we turn to our most relevant case law stating that other evidence tending to connect a defendant to an offense must be independent of accomplice testimony.[2] The first Oregon case expressly articulating a requirement that other evidence connecting a defendant to an offense be independent of accomplice testimony is State v. Scott , 28 Or. 331, 42 P. 1 (1895). In Scott , the defendant was convicted of adultery when the only evidence additional to accomplice testimony demonstrated merely an opportunity for the defendant to have committed the adulterous act. The court reversed the defendant's conviction, concluding that the state did not "corroborate the material issue, or present facts from which the commission of the crime can reasonably be inferred, and hence, under the statute, was insufficient to support the conviction." Id. at 339, 42 P. 1.
In reaching its conclusion, the court quoted with approval the independent evidence rule as set out in an authoritative treatise on criminal evidence:
*615 " 'What appears to be required,' says Roscoe in his work on Criminal Evidence, *** 'is that there shall be some fact **52 deposed to, independently altogether of the evidence of the accomplice, which, taken by itself, leads to the inference, not only that a crime has been committed, but that the prisoner is implicated in it.' "
Scott , 28 Or. at 337, 42 P. 1. The court stated that the testimony of the accomplice regarding the alleged adulterous act was insufficient to support a conviction because the testimony was "not corroborated by any circumstance except that she and the defendant were seen on the same train at Eugene." Id. at 339, 42 P. 1.
In State v. Brake , 99 Or. 310, 195 P. 583 (1921), the court discussed the statutory requirements for the corroboration of accomplice testimony in some detail. At that time, the pertinent statute (Oregon Laws, title XVIII, ch. IX, § 1540 (1920)) was nearly identical to ORS 136.440(1).[3] The court observed that Oregon's accomplice statute,
"like the statutes in many other states, is in effect a legislative declaration that it is dangerous to permit convictions upon the uncorroborated testimony of the accomplice, and for that reason the statute in substance provides that juries shall not convict any accused person upon the uncorroborated testimony of an accomplice, even though they unqualifiedly believe the testimony of the accomplice."
Id. at 313, 195 P. 583 (emphases omitted).
As pertinent here, the Brake court stated that the "precise language" of the accomplice statute is "other evidence" and that "the corroborative evidence must be independent of the testimony of the accomplice." Id. Under the statute, "a conviction cannot be sustained if in the end it **53 is in truth rested exclusively upon accomplice testimony." Id . at 314, 195 P. 583. Other evidence is required by the statute, "so that it can in truth be said that his conviction is not based entirely upon the evidence of the accomplice." Id.
We observe that the statutory text of the accomplice statute considered in Brake treats "other evidence" as being in opposition to "the testimony of an accomplice." Because the statute was originally passed in 1853, the relevant dictionary at that time was Noah Webster's original dictionary published in 1828. The relevant definition of "other" in that dictionary is: "Not the same; different; not this or these." Noah Webster, 2 An American Dictionary of the English Language (unpaginated) (1828) That definition supports the Brake court's conclusion that, because "[t]he language of the statute is 'other evidence,' " therefore "the corroborative evidence must be independent of the testimony of the accomplice." 99 Or. at 313, 195 P. 583.
In Reynolds , the defendant was convicted of damaging the property of a business owner because the owner was not compliant with union demands. The defendant was implicated in the crime by Newland, Carson, and Moore, who had "been engaged in similar crimes of violence incident to labor controversies" and who were referred to by the court as "law violators for hire." 160 Or. at 448-49, 86 P.2d 413. The court reversed defendant's conviction because there was no independent evidence additional to the detailed testimony of the accomplices connecting defendant to the crime. Defendant's complicity was "not shown by the mere fact that he was secretary of the Central Labor Council and secretary of the Teamster's Union at Eugene." Id. at 470, 86 P.2d 413.
The Reynolds court extensively reviewed prior case law discussing the requirements of the accomplice statute and concluded: "In *616 these cases, and in every other Oregon case where a conviction was sustained upon the evidence of an accomplice, the corroboration disclosed facts and circumstances which, independently of the accomplices' testimony, were incriminating in their nature." Id. at 461, 86 P.2d 413. The court also cited to additional authority emphasizing that the connection of the defendant to the crime cannot be made by other evidence when the probative value of that evidence **54 depends on certain testimony of an accomplice. "Testimony which tends to make the connection only when supplemented by certain testimony of the accomplice does not satisfy the law." Id. at 458, 86 P.2d 413 (internal quotation marks and citation omitted; emphasis in original).
Based on Scott , Brake , and Reynolds , we readily conclude that the independent evidence rule is binding precedent.[4] We also reject the state's subsidiary argument that this court abandoned the independent evidence rule in State v. Caldwell , 241 Or. 355, 405 P.2d 847 (1965).
In Caldwell , the defendant was convicted of unarmed robbery at a motel based on the testimony of accomplices who met with the defendant at a restaurant immediately prior to the accomplices committing the actual robbery. The state acknowledges that the Caldwell court stated that corroborative evidence "must be independent of any of the testimony of the accomplices" and that such evidence is insufficient if it "must be supplemented by testimony of the accomplices in order to connect the defendant with the crime." Id. at 360, 405 P.2d 847. The state maintains, however, that the Caldwell court, in fact, had relied on the accomplice testimony to determine the significance of the corroborating evidence.
We disagree. The independent corroborating evidence against the defendant included (1) that the defendant's wife, who was known to the victim, had arranged with the victim for one of the robbers to be admitted into his motel room; (2) that a man identifying himself as the defendant had called police to report that a robbery was in the process of being planned at the restaurant, but that he did not want to participate; (3) that the defendant had been at that restaurant at that time with his wife and the actual robbers; and (4) that the robbery had been committed later that night, after the party had left the restaurant. See id . at 357-60, 405 P.2d 847. The court resolved the case on the ground that that evidence, **55 though circumstantial, was enough to corroborate the accomplice testimony against the defendant. See id . at 361, 405 P.2d 847.
We now turn to the state's alternative argument that Scott , Brake , and Reynolds were wrongly decided. The state essentially argues that the independent evidence rule is not a correct interpretation of ORS 136.440(1) and that the rule was inadequately considered by this court when adopted. The state urges this court to reinterpret the statute using the methodology of PGE v. Bureau of Labor and Industries , 317 Or. 606, 610-12, 859 P.2d 1143 (1993), and State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009), and to conclude that the statute requires that corroborating evidence need only "strengthen[ ] [accomplice] testimony by contributing to linking the defendant with the offense."
We decline the state's invitation to undergo a PGE -style examination of ORS 136.440(1). As we have stated in prior cases, this court's decisions interpreting a statute, even prior to PGE , remain good law. "The absence of a PGE -style examination of legislative intent does not deprive a prior statutory interpretation of its ordinary effect as a precedent. Consequently, a decision of this court interpreting a statute can be neither discounted nor disregarded merely because it predates PGE ." Mastriano v. Board of Parole , 342 Or. 684, 692, 159 P.3d 1151 (2007) (footnote omitted).
*617 Given the importance of stare decisis to our judicial decision-making process, this court presumes that its prior decisions have been properly decided. We have explained that stare decisis applies to our prior decisions interpreting statutes. Farmers Ins. Co. v. Mowry , 350 Or. 686, 697, 261 P.3d 1 (2011) ; see also Halperin v. Pitts , 352 Or. 482, 492, 287 P.3d 1069 (2012) (citing Mowry and stating that "[t]he court may consider itself bound to follow a prior construction [of a statute] as a matter of stare decisis "). Thus, the state carries a substantial burden to persuade us that the independent evidence rule should be abandoned. See City of Seattle v. Dept. of Rev. , 357 Or. 718, 730, 357 P.3d 979 (2015) (due to principle of stare decisis , "taxpayers shoulder a substantial burden in attempting to persuade us that Power Resources [Cooperative v. Dept. of Rev. , 330 Or. 24, 996 P.2d 969 (2000) ] was incorrectly decided").
**56 As previously noted, numerous jurisdictions have passed statutes similar to ORS 136.440(1) in abrogation of the common law.[5] According to Professor Wigmore, the independent evidence rule is "assumed in all the cases" interpreting the statutes in these jurisdictions. John Henry Wigmore, 7 Evidence in Trials at Common Law § 2059 n. 1, 421 (James H. Chadbourn rev. 1978). As to the nature of corroborative evidence required under such statutes, Wigmore has observed: "It is clear, as to the testimonial source of the corroboration, that it must be independent of the accomplice himself; it must rest on other than his credit." Wigmore, 7 Evidence § 2059 at 421 (emphasis and footnote omitted). Among the authorities cited by Wigmore in support of his view is this court's decision in Reynolds . Id. at 421 n. 1.
Our review of case law from other jurisdictions confirms Wigmore's observation that nearly all jurisdictions interpreting their own accomplice statutes have adopted an independent evidence rule.[6] See, e.g., People v. Perez , 4 Cal. 5th 421, 452, 229 Cal. Rptr. 3d 303, 332, 411 P.3d 490, cert. den. , --- U.S. ----, 139 S.Ct. 415, 202 L.Ed.2d 321 (2018) ; Crawford v. State , 294 Ga. 898, 900-01, 757 S.E.2d 102 (2014) ; State v. Little , 402 S.W.3d 202, 212 (Tenn. 2013) ; Peeler v. State , 326 Ark. 423, 428, 932 S.W.2d 312 (1996) ; see also Brown v. State , 281 Md. 241, 245-46, 378 A.2d 1104 (Ct. App. 1977) (noting that 17 states, including Oregon, have adopted statutes requiring accomplice corroboration and two states, Maryland and Tennessee, have adopted that requirement by judicial precedent; court required independent evidence); State v. Fowler , 213 Tenn. 239, 245-46, 373 S.W.2d 460 (1963) (requiring independent evidence for corroboration); 23A CJS Criminal Procedure § 1424 (March 2019 update) ("the additional evidence needed to corroborate the testimony of an accomplice must be independent of the accomplice's testimony").
**57 We also note that the California Supreme Court recently affirmed the vitality of the independent evidence rule based on that state's accomplice statute:
"[A]n accomplice's testimony is not corroborated by the circumstance that the testimony is consistent with the victim's description of the crime or physical evidence from the crime scene. Such consistency and knowledge of the details of the crime simply proves the accomplice was at the crime scene, something the accomplice by definition admits . Rather, under section 1111, the corroboration must connect the defendant to the crime independently of the accomplice's testimony. *** And corroborating evidence may not come from, or require aid or assistance from, the testimony of other accomplices or the accomplice himself."
People v. Garton , 4 Cal. 5th 485, 518, 229 Cal.Rptr.3d 624, 412 P.3d 315, cert. den. , --- U.S. ----, 139 S.Ct. 417, 202 L.Ed.2d 322 (2018) (emphasis in original; internal quotation marks and citations omitted). Other than New York (see *618 365 Or. at 56 n. 6, 443 P.3d at 617 n. 6), all other jurisdictions with accomplice statutes appear to have continued to apply the independent evidence rule.
In attempting to persuade us that this court was wrong in adopting the independent evidence rule, the state argues that, "most fundamentally, the 'independent' evidence principle is irreconcilable with the statutory text [of ORS 136.440(1) ]." We disagree. As we have explained, the Brake court's interpretation of "other evidence" in ORS 136.440(1) was consistent with the dictionary meaning of "other" in use when the statute was first enacted in 1853. Webster's Dictionary (1828) ("Not the same; different; not this or these."). That construction is also consistent with the Brake court's recognition of the legislative policy behind the statute:
"[L]ike the statutes in many other states, [Oregon's accomplice statute] is in effect a legislative declaration that it is dangerous to permit convictions upon the uncorroborated testimony of the accomplice ***."
Brake , 99 Or. at 313, 195 P. 583 (emphasis omitted). Accordingly, we conclude that the state has not met its substantial burden to persuade us that the independent evidence rule is an incorrect interpretation of ORS 136.440(1).
**58 In this case, the state has conceded that the corroboration requirement of ORS 136.440(1) is not satisfied under an independent evidence rule. Since the accomplices already knew the details of the crimes, evidence confirming those details does not corroborate that the defendant participated in those crimes. See ORS 136.440(1) (requiring that evidence must "connect the defendant with the commission of the offense"; evidence does not sufficiently corroborate accomplice testimony if it "merely shows the commission of the offense or the circumstances of the commission"); see also Wigmore, 7 Evidence § 2059 at 423-24 (quoting authorities to same effect). Further, given that the items of personal property in question were all in the SUV, the presence of those items merely confirms that the accomplices had attempted the crimes. Ropp and Young admitted committing the T-Mobile attempted crimes and the jewelry store attempted kidnapping, so the presence of the items in the SUV-which Ropp was driving-does not tend to show that defendant also participated in those crimes. Without reference to the accomplice testimony, the available evidence does not "connect the defendant with the commission of" either the attempted jewelry store robbery and kidnapping or the attempted T-Mobile robbery. ORS 136.440(1) (emphasis added). The trial court accordingly erred in denying defendant's motion for judgment of acquittal on those counts.
The decision of the Court of Appeals is affirmed. The judgment of conviction of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

For ease of reference, we refer to that requirement as the "independent evidence rule."

At common law, the testimony of an accomplice-even if not corroborated-could be sufficient to support a criminal conviction if the evidence satisfied the standard of proof of guilt beyond a reasonable doubt. State v. Brake , 99 Or. 310, 313, 195 P. 583 (1921). The corroboration of accomplice testimony "was widely understood (except by a few courts) as amounting to no rule of evidence, but merely to a counsel of caution given by the judge to the jury." See John Henry Wigmore, 7 Evidence in Trials at Common Law § 2056, 408 (James H. Chadbourn rev. 1978) (emphasis in original; footnotes omitted). However, over time, "in nearly half of the jurisdictions of the United States a statute has expressly turned this cautionary practice into a rule of law." Id. at 414 (footnote citing statutes and case law omitted).

The version of the statute then in effect provided:
" 'A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient if it merely show the commission of the crime, or the circumstances of the commission.' "
See 99 Or. at 312-13, 195 P. 583 (quoting section 1540). As suggested by the Court of Appeals, ORS 136.440(1) has remained nearly the same since the statute was enacted in 1853. See Or. Laws 1854, ch. 36, § 7, p. 252. The only substantive change that the legislature has made since its adoption was to add a definition of "accomplice" when the statute was amended as part of the Oregon Criminal Procedures Code Revision. Or. Laws 1973, ch. 836, § 239.

The state acknowledges that a reference to a requirement that corroborating evidence be independent of accomplice testimony appears in numerous other decisions of this court following Scott , Brake , and Reynolds . See , e.g. , State v. Clipston , 237 Or. 634, 636, 392 P.2d 772 (1964) ; State v. Oster , 232 Or. 389, 391, 376 P.2d 83 (1962) ; State v. Brazell , 126 Or. 579, 580-81, 269 P. 884 (1928) ; State v. Brown , 113 Or. 149, 155, 231 P. 926 (1925) ; State v. Long et al ., 113 Or. 309, 311-12, 231 P. 963 (1925).

See Wigmore, 7 Evidence § 2056 at 414.

The only exception we have found is New York, where the independent evidence rule was adopted in People v. Hudson , 51 N.Y.2d 233, 238, 433 N.Y.S.2d 1004, 414 N.E.2d 385 (1980), but later abandoned in People v. Reome , 15 N.Y.3d 188, 194, 906 N.Y.S.2d 788, 933 N.E.2d 186 (2010) (rejecting Hudson and holding that "harmonizing evidence may provide a substantial basis for crediting accomplice testimony").