No. 791 October 30, 2024 813

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THEODORE STACEY JOHNSON,
aka Theodore Johnson,
aka Theodore Stacey Harold John Johnson,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR22238; A178701

Laura A. Cromwell, Judge. (Judgment April 26, 2022)

Lorenzo A. Mejia, Judge. (Supplemental Judgment May 12, 2022)

Argued and submitted March 18, 2024.

George W. Kelly argued the cause and filed the brief for appellant.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for murder in the second degree, ORS 163.115, robbery in the first degree, ORS 164.415, kidnapping in the first degree, ORS 163.235, and felon in possession of a firearm, ORS 166.270. In his sole assignment of error, he argues that the trial court erred in denying his motion for judgment of acquittal (MJOA) on the charge of murder in the second degree because the state failed to introduce sufficient evidence to corroborate the testimony of his accomplices. We affirm.

"We review a trial court's denial of an MJOA to determine whether, after viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. McCombs*, 330 Or App 545, 558, 544 P3d 390, *rev den*, 372 Or 718 (2024) (internal quotation marks and brackets omitted).

A detailed recitation of the facts would not assist the parties, bench, or bar. On the morning of January 10, 2020, C was found dead near a logging road. He had been shot nine times, had been driven over by a vehicle, and had died in the past 12 hours. The investigation implicated defendant and two other people, Bull and Dallman, in C's murder. At trial, both Bull and Dallman testified that defendant had participated in the events that led to the kidnapping, robbery, and murder. As relevant to this appeal, the state also presented the following evidence: C's car was used in the murder; a witness who knew Bull testified that he saw Bull driving the victim's car on the night of January 9, accompanied by a woman and an unknown man in the back seat; DNA found in the back of C's car indicated that defendant "[could] not be excluded as the major contributor to [the] DNA mixture"; surveillance video showed defendant leaving the victim's car with Dallman and another man early in the morning on January 10; defendant sent social media messages on January 9 and January 10 that referred to committing murder; defendant and Dallman's cell phones were both found in the same purse on the side of the road; and defendant sought to invent an alibi for January 9.

Defendant moved for a judgment of acquittal, arguing that the state's case was based on Dallman's accomplice testimony and that there was insufficient corroborating evidence. The trial court denied the motion. Although the court declined to determine if Dallman was an accomplice as a matter of law, it determined that there was "plenty of corroborating evidence." The trial court also instructed the jury that it must determine as a factual matter if Dallman was an accomplice. The jury convicted defendant on all charges. This appeal followed.

On appeal, defendant argues that the trial court erred in denying his motion because Bull and Dallman were accomplices and their testimony "was not corroborated." The state responds that defendant "cannot prevail on appeal" because he "fails to argue that Dallman was an accomplice as a matter of law." We do not need to resolve that issue because, even if Dallman was an accomplice, we conclude that sufficient evidence corroborated her testimony.

ORS 136.440(1) provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

"[C]orroborating evidence must fairly and legitimately tend[] to connect the defendant with the commission of the crime, so that it can in truth be said that his conviction is not based entirely upon evidence of the accomplice[s]." *State v. Riley*, 288 Or App 807, 813, 407 P3d 946 (2017), *aff'd*, 365 Or 44, 443 P3d 610 (2019) (internal quotation marks omitted). The evidence does not have to "corroborate each material fact required to sustain a conviction." *Id*. Nor must it corroborate a "particular *theory* of the commission of the offense." *State v. Walton*, 311 Or 223, 242, 809 P2d 81 (1991) (emphasis in original). Instead, "[e]ven slight or circumstantial evidence will suffice if it tends to connect the defendant with the crime." *Riley*, 288 Or App at 812.

Here, defendant does not dispute that the state's evidence connected him to the charged crimes. Instead, he argues that the evidence was insufficient to demonstrate that he "knew [C] would be killed or participated in the killing." But under *Walton* and *Riley*, the corroborating evidence does not have to affirmatively prove defendant's knowledge, intent, or actions. The evidence must only "legitimately tend to connect [him] with the commission of the crime," *Riley*, 288 Or App at 813 (brackets omitted), which it does.

Affirmed.