Argued and submitted March 5, decision of the Court of Appeals and judgment of the circuit court reversed August 7, 1997

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## BRIAN KELLY ALLISON,
*Petitioner on Review.*

(CC 950241263; CA A89488; SC S43391)

941 P2d 1017

Garrett A. Richardson, Portland, argued the cause and filed the brief for petitioner on review.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

VAN HOOMISSEN, J.

---

** Kulongoski, J. did not participate in the consideration or decision of this case.

## VAN HOOMISSEN, J.

The sole issue presented in this criminal case is whether the state offered sufficient evidence at trial to support defendant's convictions for 21 counts of telephonic harassment, ORS 166.090(1)(a).[1] That statute proscribes causing another's telephone to ring with "no communicative purpose" *and* with the intent to harass or annoy the recipient of the call. The Court of Appeals affirmed without opinion. *State v. Allison*, 141 Or App 137, 917 P2d 1076 (1996). For the reasons that follow, we reverse.

Defendant's convictions arose out of 21 recorded messages that he left on his former girlfriend's telephone answering machine during a period of about one month. The messages generally were abusive in nature and reflected defendant's displeasure over the woman's relationship with another person. In each of the instances charged, defendant left a spoken, understandable message on the woman's answering machine.[2]

After the state rested in defendant's bench trial, he moved for a judgment of acquittal on each of the 21 counts, asserting that the state had not introduced sufficient evidence to establish beyond a reasonable doubt that he had caused the woman's telephone to ring with "no communicative purpose." The trial court denied that motion and, after defendant rested, found defendant guilty of all 21 counts. As noted, the Court of Appeals affirmed without opinion.

Defendant's only contention on review is that the trial court erred in denying his motions for a judgment of acquittal on all 21 counts at the close of the state's evidence. He argues that the state produced *no* evidence, circumstantial or otherwise, that would allow a rational trier of fact to find beyond a reasonable doubt that he had "no communicative purpose" when he caused the woman's telephone to ring.[3]

---

[1] The text of ORS 166.090(1)(a) is set forth in text below, 325 Or at 588.

[2] A tape of the messages was received in evidence at trial. The woman testified that she recognized defendant's voice on the answering machine.

[3] Defendant does *not* argue that ORS 166.090(1)(a) violates Article I, section 8, of the Oregon Constitution. *See State v. Moyle*, 299 Or 691, 705 P2d 740 (1985) (harassment statute focused on forbidden results rather than on forbidding

He further argues that the evidence affirmatively shows that, when he called her, he had a "communicative purpose," which he expressed each time on her telephone answering machine. The state responds that there is sufficient evidence to support the convictions. It argues that evidence that defendant repeatedly left essentially the same harassing and annoying message, often many times in a single day, was sufficient to prove that defendant had "no communicative purpose" when he caused the woman's telephone to ring.

In ruling on the sufficiency of the evidence in a criminal case, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that the essential elements of the crime have been proven beyond a reasonable doubt. Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a trier of fact to so find. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989); *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974). The right not to be convicted of a crime except on proof of guilt beyond a reasonable doubt is statutorily protected in Oregon. ORS 136.415. The reasonable doubt standard requires that the state prove each element of the crime beyond a reasonable doubt. *State v. Rainey*, 298 Or 459, 465, 693 P2d 635 (1985).

ORS 166.090 provides, in part:

"(1)   A telephone caller commits the crime of telephonic harassment if the caller intentionally harasses or annoys another person:

"(a)   By causing the telephone of the other person to ring, such caller having no communicative purpose; or

"(b)   By causing such other person's telephone to ring and causing such other person to answer it, knowing that the caller has been forbidden from so doing by a person exercising lawful authority over the receiving telephone."

Defendant was charged pursuant to ORS 166.090(1)*(a)*.

---

speech); *State v. Garcias*, 296 Or 688, 679 P2d 1354 (1984) (menacing statute focused on the effect on the victim); *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982) (laws prohibiting a forbidden effect, and not directed toward speech, do not violate Article I, section 8).

We shall first examine the meaning of the words "no communicative purpose" in order to determine what the state was required to prove with regard to that element. Next, we shall examine the evidence to determine whether the state offered sufficient evidence to prove that element.

■     In determining the meaning of the words "no communicative purpose," we apply the template for statutory construction set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In the first level of analysis, we examine the text and context of the statutory provision, using statutory and common-law rules of construction that bear directly on how to read the text and context. *Id.* at 610-11. If the intent of the legislature is clear from the text and context, we proceed no further. *Id.* at 611.

■     Although the statute does not define "no communicative purpose," we conclude that ORS 166.090(1)(a) is clear on its face. Giving the words "no communicative purpose" their plain, natural, and ordinary meaning, it is clear that the legislature intended to prohibit the act of causing the telephone of another to ring when the caller does so with no intention of communicating with the person on the receiving end of the line.[4] Moreover, the legislature's use of the words "communicative purpose," without qualification, indicates that it did not intend to pass judgment on the content of the information that the caller intends to convey in causing the telephone of another to ring. A person's intent to harass and annoy another, standing alone, does not deprive that person's communication of a communicative purpose. Stated differently, an intent to harass and annoy and a lack of a communicative purpose are not the same thing. Had the legislature thought differently about that point, it would not have expressly required that an offender intend *both* to harass or annoy and to have no communicative purpose, as those two elements would be duplicative.

---

[4] *Webster's Third New Int'l Dictionary* 460 (unabridged ed 1993), defines "communicate" as "to make known: inform a person of: convey the knowledge or information of * * * to send information or messages sometimes back and forth: speak, gesticulate, or write to another to convey information: interchange thoughts." "Communicative" is defined as "marked by the ability or tendency to communicate * * * of or relating to communication."

■ Whether a caller causes the telephone of another to ring with "no communicative purpose" is determined at the time the telephone call is made. The caller's lack of communicative purpose at that time may be proven by a reasonable inference drawn from other evidence. *State v. Stilling*, 285 Or 293, 299, 590 P2d 1223, *cert den* 444 US 880 (1979).[5] Normally, the content of a person's speech may be used to prove a mental element of a crime. *See State v. Plowman*, 314 Or 157, 167, 838 P2d 558 (1992) (statement "I am going to kill you" may evidence the intent element of murder or attempted murder). However, when the mental element at issue is "no communicative purpose," the state cannot succeed in proving that element solely with speech that can only be categorized as a "communication."

In this case, the state was required to prove beyond a reasonable doubt, among other things, that defendant had "no communicative purpose" when he caused the woman's telephone to ring. The state relies on (1) the contents of defendant's recorded messages, and (2) their frequency.

■ Regarding defendant's messages, the state argues that their contents would allow a rational trier of fact to conclude that defendant intended only to harass and annoy his former girlfriend and, therefore, that he lacked a "communicative purpose." However, as noted, an intent to harass and annoy and a lack of any communicative purpose are not the same thing. That is to say, the former does not establish the latter.

We agree with defendant that each of his 21 recorded messages, in fact, was a communication. The state's own evidence shows that each time defendant called he spoke, leaving a message on the woman's answering machine. Because each communication conveyed to the woman information about defendant's thoughts and emotions about her, each had a "communicative purpose." In each

---

[5] In *Stilling*, 285 Or at 299, this court explained:

"There is usually no way for the jury to determine whether a person had intent except by inference. Direct evidence of a state of mind is usually not available. *State v. Elliott*, 234 Or 522, 528, 383 P2d 382 (1963). An inference instruction advises the jury as to how it may make its decision on intent, and in particular may serve to inform the jury that such an inference is to be based on the surrounding circumstances rather then just any unlawful act which is part of the offense."

instance his "communicative purpose" was to tell her that he did not want her to associate with someone else. Far from allowing an inference of defendant's lack of communicative purpose, each of his recorded statements, viewed individually, demonstrated the presence of such a purpose. The existence of *any* communicative purpose necessarily takes defendant's conduct outside the prohibition of ORS 166.090(1)*(a)*. Under subsection *(a)* of ORS 166.090(1), the fact that defendant's communications were abusive or unwelcome is irrelevant.[6]

With regard to the number of defendant's messages, the state argues that the fact that defendant repeated essentially the same message over and over again would allow a rational trier of fact to infer that defendant did not intend to communicate any thoughts or ideas to the woman. We reject both the factual and legal underpinnings of that argument.

Although defendant's messages dwelled on a common theme, on each occasion, he used different words, thereby showing an intention to convey a distinct variation on that theme during each call. However, *even if* defendant had left exactly the same message on each occasion, *e.g.*, "Do not associate with Joe," that fact could not support a finding that he lacked a "communicative purpose" in causing the woman's telephone to ring. Because defendant's recorded words themselves conveyed information about his state of mind, they were "communications." We conclude that no rational finder of fact could find that any of defendant's messages, whether viewed separately or collectively, lacked a "communicative purpose." Even when viewed in the light most favorable to the state, the state's evidence was insufficient to prove beyond a reasonable doubt that defendant had "no communicative purpose" in causing the woman's telephone to ring. Accordingly, we hold that the trial court erred in denying defendant's motion for judgment of acquittal on all counts.

The decision of the Court of Appeals and the judgment of the circuit court are reversed.

---

[6] The fact that defendant's abusive behavior did not violate ORS 166.090(1)*(a)* does not mean that the woman may not have had a remedy in tort. *See State v. Ray*, 302 Or 595, 601, 733 P2d 28 (1987) (Linde, J., concurring) (criminal law is not the only way to help victims of abusive behavior).