On appellant's petition for reconsideration filed July 11, and respondent's response to appellant's petition for reconsideration filed October 1, reconsideration allowed; former opinion (213 Or App 242, 160 P3d 994) modified and clarified and adhered to as modified and clarified October 17, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID ALBERT BOONE,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR020193B; A120775

169 P3d 1274

Peter Gartlan, Chief Defender, Legal Services Division, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, for response.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant has moved for reconsideration of our opinion in *State v. Boone*, 213 Or App 242, 160 P3d 994 (2007), on the ground that the opinion contains a factual error. We grant reconsideration, modify and clarify our original opinion as set out below, and adhere to that opinion as modified and clarified.

In our original opinion, we stated:

"Defendant was convicted of four burglaries at a construction site, resulting from an incident in which four storage trailers were broken into and tools were taken. Two trailers were pulled open with a backhoe. The others had their padlocks pried open. Each trailer was emptied of everything that could fit through the door, including approximately 60 tools worth $10,000 in total. Multiple wheelbarrow tracks led from the construction site across a field and into the parking lot of an adjacent store. Defendant's accomplice, Monk, testified that he broke into the trailers and took the tools by himself. However, he acknowledged that he loaded the tools into defendant's car in the parking lot at the store. Monk later testified that he could not recall whether defendant was with him when he took the tools, whether defendant waited for him, or whether defendant helped him load the car. Monk stated that it 'made sense' that defendant was with him, but Monk later reiterated that he acted alone.

"Defendant told police that he had been with Monk *at the store* on the night that the trailers were burglarized and that *Monk broke into the trailers while defendant was shopping at the store*, but that Monk had not stolen anything at that point. Defendant described exactly how the trailers were broken into using a backhoe. He also stated to police that Monk had used defendant's car to transport the stolen tools. Defendant admitted that Monk brought the stolen tools to defendant's house, that defendant helped Monk sand the identifying marks off the tools, and that some of the stolen tools were delivered to another residence. Police found some of the tools at that residence while executing a search warrant. Defendant was charged with, and the jury convicted him of, second-degree burglary in connection with each of the four trailer break-ins at the construction site."

*Id.* at 244-45 (emphasis added). We later stated:

> "Here, the evidence—including Monk's testimony and corroborating evidence—was sufficient to create a jury issue as to defendant's guilt on an aid and abet theory. Monk testified, and defendant admitted to police, that defendant was present with Monk near the scene of the crimes on the day they were committed. *Defendant admitted that he knew that Monk was breaking into the trailers while defendant was at that location,* and he described exactly how the trailers were broken into. Defendant also admitted that he owned the vehicle used to transport the stolen items from the scene and that he helped sanitize the items for fencing. *See State v. Moriarty,* 87 Or App 465, 468 n 1, 742 P2d 704, *rev den,* 304 Or 547 (1987) ('Even though actions *after* the commission of a crime cannot alone constitute aiding or abetting, they may be used as evidence that earlier activities were aiding and abetting.' (Emphasis in original; citations omitted.)); *see also Jackson,* 64 Or App [667, 669, 669 P2d 826 (1983)] (evidence placing defendant in escape car with stolen money was sufficient to hold him liable for robbery committed by passenger despite defendant's professed ignorance of offense). The trial court did not err in denying defendant's motion for a judgment of acquittal with respect to the burglary charges arising from the construction-site break-ins."

*Id.* at 249 (emphasis added).

According to defendant, the emphasized recitals of fact in the foregoing excerpts were erroneous. Specifically, defendant asserts that, to the extent that we indicated that " 'the trailers' that Monk broke into while defendant was shopping at 'the store' " were the same trailers that were the subject of four second-degree burglary convictions involving an incident at a construction site in Newberg, we were wrong. Rather, according to defendant, the containers that Monk broke into while defendant was inside the store were located on the nearby property of another business, "EFTC," that was 200 feet to the north of the Newberg construction site. The evidence showed that Monk did not take anything from the EFTC containers and that break-in was not the subject of the challenged convictions.

As defendant sees things, the evidence showed that the EFTC break-ins and the construction site burglaries were

separate incidents. From that conclusion, defendant appears to reason that there was no evidence corroborating "that defendant knew about, or participated in, the [construction site] burglary before or during its occurrence." Because the remaining evidence, including evidence that the items stolen from the construction site were removed in defendant's car and evidence that defendant helped Monk sand off identifying marks on the stolen items, involved actions occurring after the burglaries, defendant argues that that evidence was insufficient to corroborate that he aided and abetted the commission of the construction site burglaries.

Defendant is correct that our opinion failed to distinguish between Monk's break-ins into the EFTC storage containers and the charged break-ins at the nearby construction site. Thus, when we stated that "Monk broke into the trailers while defendant was shopping at the store," *id.* at 245, and that "[d]efendant admitted that he knew that Monk was breaking into the trailers while defendant was at [the store]," *id.* at 249, we incorrectly suggested that the evidence showed that defendant was inside the Fred Meyer store while Monk was breaking into the trailers on the construction site. In fact, the evidence showed that, at that time, Monk was breaking into the containers at the nearby EFTC site. Accordingly, we withdraw the quoted statements. In their place, we substitute the following at page 244: "Monk broke into storage containers at a nearby business while defendant was inside the store" and at page 249: "Defendant admitted that Monk broke into storage containers at a nearby business while defendant was inside the store." That said, we adhere to our conclusion that the evidence—including Monk's testimony and corroborating evidence—was sufficient to create a jury issue as to defendant's guilt of the charged burglaries on an aid and abet theory. *Id.* at 249.

We initially observe that defendant mistakenly asserts that there was no evidence that the EFTC break-ins and the charged crimes were committed on the same occasion. The evidence showed that the EFTC property was located across a field only 200 feet to the north of the construction site. One of the police officers who investigated the charged construction site burglaries testified that he found flat-tired wheelbarrow tracks leading north from that site

across a field to the parking lot of a business. That testimony was consistent with Monk's own testimony that he used a wheelbarrow with a flat tire to remove the property stolen from the construction site trailers. Monk testified that defendant was with him when he broke into the EFTC containers. In addition, Monk testified that the charged burglaries may have occurred on the same night as the EFTC break-ins and that, if the two sets of break-ins occurred on the same night, defendant was with him when Monk broke into the construction site trailers. Furthermore, defendant told investigating officer Stuart that, on the "same night" that Monk "took tools from a construction site across the street from Fred Meyer," Monk had "broken into several storage units back and behind the business, but basically they were empty[.]" Moreover, when investigating, Officer Goad said to defendant, referring to the construction site burglaries, "[W]ell, man, you must have made 50 trips?" and defendant replied that "Monk had told him that he had used a wheelbarrow to wheel them out to the car."

In short, defendant's assertion to the contrary notwithstanding, there was evidence that the EFTC break-ins occurred on the same night that the construction site burglaries were committed, that defendant was inside the Fred Meyer store when Monk broke into the EFTC containers and found them empty, and that defendant, who knew the details of the construction site burglaries, including how the trailers were broken into and that the stolen tools were removed by wheelbarrow from that site to the EFTC parking lot, was with Monk when those burglaries were committed. That evidence, coupled with the other evidence to which we referred in our original opinion, was sufficient to warrant the trial court's denial of defendant's motion for a judgment of acquittal with respect to the burglary charges arising from the construction site break-ins.

Reconsideration allowed; former opinion modified and clarified and adhered to as modified and clarified.