Argued and submitted January 14, Molalla High School, Molalla; judgment of conviction on Counts 13 through 16 for kidnapping in the first degree reversed, remanded for resentencing, otherwise affirmed March 4; petition for review denied July 9, 2015 (357 Or 551)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NICHOLAS EMILIO LUNETTA,
*Defendant-Appellant.*

Multnomah County Circuit Court
120934141; A155286

345 P3d 465

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals a judgment of conviction for five counts of robbery in the first degree, ORS 164.415; one count of burglary in the first degree, ORS 164.225; and four counts of kidnapping in the first degree, ORS 163.235.[1] He assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) on all counts, arguing that the state failed to present legally sufficient evidence to support a guilty verdict on each of the counts because a reasonable trier of fact could not conclude that other evidence corroborated accomplice testimony. *See* ORS 136.440(1) (set out below). Defendant also argues that the evidence does not show that defendant moved the victims to a qualitatively different place, and therefore does not support guilty verdicts for the crime of kidnapping. The state concedes that the evidence is legally insufficient to support defendant's convictions for kidnapping. We agree and accept that concession and, accordingly, reverse those convictions. On the remaining counts, the state argues that the evidence has a tendency to connect defendant to the charged crimes independent of any accomplice testimony and, therefore, the court did not err when it denied defendant's MJOA. We agree and affirm on those counts.

We review a trial court's denial of an MJOA to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the state proved all the essential elements of the offense beyond a reasonable doubt. *State v. Kaylor*, 252 Or App 688, 691, 289 P3d 290 (2012).

The facts are undisputed. Four men entered a home where five people resided and stole property. Around 12:30 a.m., a man displaying a gun entered the attached garage where three residents of the house were socializing. The armed man said that he was robbing the house and ordered the residents to lie on the ground, which they did. Shortly thereafter, the man with the gun ordered a resident

---

[1] Defendant was also found guilty of several counts of second-degree robbery and another count of first-degree burglary. Those guilty verdicts were merged into the guilty verdicts for first-degree robbery and first-degree burglary, respectively.

to go with him to one of the bedrooms, where another resident was sleeping. Three other men joined the man with a gun. A resident would testify at trial that one of the robbers had a similar build to defendant. When the men left the home, they took a gun safe—which contained guns, alcohol, medication, and pornography—a necklace, two televisions, a telephone, a computer, and a purse.

Within hours of the robbery, a girlfriend of one of the accomplices heard a loud bang in the living room of her apartment about five minutes after her boyfriend had returned home. She lived with her boyfriend—an accomplice—in the apartment, and defendant stayed with them approximately three days a week. She walked into the living room and saw her boyfriend, two other men, and defendant. She also saw a gun safe and observed that the four men were divvying up its contents. Her boyfriend and defendant each took guns, another man took alcohol, and another man took pornography. Months later when the police eventually searched the apartment, they discovered the gun safe in the bedroom where defendant slept and found letters addressed to him lying on top of it.

At trial, one of the accomplices testified that defendant participated in the robbery. While awaiting trial, defendant wrote two letters that are relevant here. In one letter, he discussed the accomplice's girlfriend, who had identified him to a grand jury, and her boyfriend, the accomplice who would give testimony against defendant:

> "So the best thing for [the girlfriend] to do is just not to go to trial at all! * * * [I]f they find her then they'll subpoena her and she'll have to go or they could issue her a warrant but that rarely happens! * * * But then they can still use her grand jury testimony against me but it won't be as strong! [B]ut if she sends me a letter from her address and name saying specifically, 'I'm sorry for lying and getting you in trouble[.] I know you didn't do that home invasion but [accomplice] made me say that and I was scared! Then tell her to *make up* a story about how [accomplice] walked in on us having sex and that's why [accomplice] wanted me to lie against you and I'm so sorry for doing it! I can't live with this guilt anymore cuz [*sic*] I know you didn't do it. [Accomplice] told me you didn't!' [A]nd maybe even more if

needed and it will impeach her testimony and give [accomplice] a reason of interest against me so his testimony will be thrown out too!

"Then find [a friend] and have him say he was there when the safe got brought in and I wasn't there! *** [H]e [should] say[] it was a large Mexican and a medium built black but doesn't remember what they looked like. *** *Remember it's impossible to prove perjury*!"

(Emphases added.)

In another letter, defendant asked his brother to tell the other two accomplices that, if they pleaded, they should "say I wasn't there. *** [Because] I'm going to trial no matter what so if they gonna [*sic*] plea out, I could use them as witnesses! I kinda [*sic*] got the only chance of beating this!"

ORS 136.440(1) provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

Under that statute, "the corroboration must fairly and legitimately tend to connect the defendant with the crime, so that it can in truth be said that his conviction is not based entirely upon evidence of the accomplices." *State v. Foster*, 221 Or App 108, 113, 188 P3d 440 (2008) (internal quotation marks omitted). The corroboration is sufficient "if there is some evidence, however slight, tending to connect the defendant with the crime." *State v. Walton*, 311 Or 223, 242, 809 P2d 81 (1991). The corroborating evidence may be circumstantial and need not independently corroborate each material fact required to sustain a conviction. *State v. Boone*, 213 Or App 242, 247-48, 160 P3d 994, *adh'd to as modified on recons*, 215 Or App 428, 169 P3d 1274 (2007). Whether evidence is sufficient to corroborate accomplice testimony is a question of law. *State v. Ortiz-Rodriguez*, 229 Or App 373, 211 P3d 373 (2009) (applying that standard). However, if any evidence other than the accomplice's testimony tends to connect the defendant with the commission of the charged

crime, then the trier of fact decides whether the accomplice's testimony has been corroborated. *Walton*, 311 Or at 243.

Here, the corroborating evidence includes (1) the letters defendant wrote while awaiting trial; (2) testimony that police found the gun safe in the room where defendant slept; (3) testimony from one of the victims that defendant's build was consistent with one of the men who committed the crimes; (4) and the girlfriend's testimony about the distribution of the guns, alcohol, and pornography contained in the safe. For defendant's contention that the trial court erred when it denied his MJOA to be correct, each of those pieces of evidence must fail to be corroborative under ORS 136.440(1). However, defendant's argument fails because the totality of the evidence readily corroborates the accomplice testimony. *See State ex rel Juv. Dept. v. B. M. L.*, 242 Or App 414, 423-24, 256 P3d 132 (2011) (concluding that evidence was corroborative under ORS 136.440 because evidence that the two young men were together late at night near in space and time to the location of the crime and appeared nervous connected the youth to the crime, not just to the accomplice). *But cf. Foster*, 221 Or App at 113-14 (concluding that, although the defendant possessed scales, a rental car, and a large amount of cash with a residual drug odor, nothing in the record connected that evidence to drugs found in his housemate and alleged accomplice's car). In sum, because there is "some evidence *** tending to connect *** defendant with the crime," *Walton*, 311 Or at 242, the trial court did nor err when it denied defendant's MJOA.

However, as noted above, 269 Or App 514, we have accepted the state's concession that the trial court committed error when it denied defendant's MJOA on the four counts of kidnapping because the evidence was legally insufficient to show that defendant had moved the victims to a qualitatively different location. Accordingly, we reverse defendant's convictions for four counts of kidnapping in the first degree, remand for resentencing, and otherwise affirm.

Judgment of conviction on Counts 13 through 16 for kidnapping in the first degree reversed; remanded for resentencing; otherwise affirmed.