Submitted August 1, reversed October 9, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN LEE BAKER,
*Defendant-Appellant.*

Polk County Circuit Court
16CR68877; A166529

452 P3d 1066

Defendant appeals from a judgment of conviction for first-degree theft, ORS 164.055, and unlawful entry into a motor vehicle, ORS 164.272. Defendant assigns error to the trial court's denial of his motion for judgment of acquittal on both counts. He argues that, because the state's case depended entirely on uncorroborated accomplice testimony, the evidence did not satisfy the independent evidence rule requirements of ORS 136.440(1) and was therefore insufficient to support either conviction. *Held*: The trial court erred when it denied defendant's motion for judgment of acquittal. Evidence in the record did not satisfy the independent evidence rule requirements of ORS 136.440(1) and was therefore insufficient to permit a reasonable factfinder to find, beyond a reasonable doubt, that defendant had committed the crimes with which he was charged.

Reversed.

Norman R. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DEHOOG, J.

Reversed.

**DEHOOG, J.**

Defendant appeals a judgment of conviction for first-degree theft, ORS 164.055, and unlawful entry into a motor vehicle, ORS 164.272. He assigns error to the trial court's denial of his motion for judgment of acquittal on both counts. He argues that, because the state's case depended entirely on uncorroborated accomplice testimony, the evidence did not satisfy the requirements of ORS 136.440(1) and was therefore insufficient to support either conviction. We agree with defendant that the state's accomplice testimony lacked the independent corroboration required by ORS 136.440(1), and, therefore, we reverse.

In a challenge to a trial court's denial of a motion for judgment of acquittal, we view the evidence "in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998); *see also State v. Allison*, 325 Or 585, 587-88, 941 P2d 1017 (1997) (applying same standard of review to the ruling from a bench trial).

Before dawn on August 15, 2015, a witness, Schmunk, was awakened by vehicle lights shining into her home. In response to noises she heard outside, she looked out of her window to the street below. Across the street, she saw a man and woman standing outside her neighbor's work truck; they appeared to be removing things from it. After yelling out for the pair to stop what they were doing, Schmunk ran downstairs, leashed her dog, and ran outside. By that time, however, the pair was gone. Schmunk saw that the side compartments of the truck were open and appeared to have been broken into. Schmunk contacted her neighbor, Decker, who later testified that the truck and its contents belonged to his employer. Decker estimated that $2,000 in tools had been taken from the truck.

At trial, Schmunk testified that the man she had seen might have been in his mid-twenties or thirties, appeared to be "white," had an average build, and had "shorter, not shaved, * * * typical guy's hair." She also testified

that the male "appeared to be carrying a toolbox and his arms were kind of like this (gesture) and he was kind of waddling, so you could see kind of the muscles on the arms." Law enforcement arrived and dusted the truck for fingerprints. One of the prints was found to be a match for defendant's alleged accomplice, Prisco, who later admitted to law enforcement that she had been the woman that Schmunk had seen. In addition to confessing to participating in the theft from Decker's work truck, Prisco named defendant as her accomplice.

According to Prisco, she and defendant committed the unlawful entry into the truck and theft of its contents together. Based on Prisco's statement that they, along with a third party, had taken the tools to a place in Keizer, an officer took her to that location in January 2016. Defendant's grandfather operated an upholstery shop on the property, and, while there, the officer observed defendant leaving the shop. However, although the officer looked for the stolen tools at that location, they were not found.

Defendant was charged with first-degree theft and unlawful entry into a motor vehicle and tried his case to the court. At the close of the state's case-in-chief, defendant moved for judgment of acquittal on both counts, arguing that the state had failed to sufficiently identify him as the individual who had committed those offenses with Prisco. The trial court denied defendant's motion, explaining:

"Based on the motion as it was made, I will deny the motion. We have testimony from the witness, Ms. Prisco, that it was [defendant], [s]o I don't see identification being an issue."

Thus, initially relying on Prisco's testimony implicating defendant as her accomplice, the court denied defendant's motion. However, during closing arguments, the court revisited the identification issue, asking the state, "[w]hat's the corroboration?" The state pointed to Schmunk's description of the male as well as defendant's connection to the location in Keizer, where Prisco had testified the stolen tools had been taken. Ultimately, the trial court found that there was sufficient corroboration and rendered a verdict of guilty as to each offense. Defendant now appeals.

On appeal, defendant argues that the trial court erred because the state failed to present sufficient evidence corroborating Prisco's accomplice testimony as required by ORS 136.440(1). Defendant argues that the only potential corroboration came from Schmunk's testimony, which provided only a vague description of Prisco's companion and offered nothing to connect defendant to the crimes. Defendant further asserts that even that vague identification was never directly linked to him at trial. Specifically, defendant argues that the state presented no evidence of what he looked like at the time of his alleged involvement in Prisco's crime, and the record does not disclose whether he resembled Schmunk's vague description at the time of trial. The state responds that the trial court correctly denied defendant's motion, because all that is required for purposes of corroboration is *some* evidence connecting defendant with the crime, even if that evidence is slight or circumstantial. The state reasons that, viewed in the light most favorable to the state, Schmunk's testimony fairly connected defendant to the charged crimes because it corroborated the presence of a second person and because we can infer, based on the trial court's opportunity to observe defendant, that he in fact matched Schmunk's description. We conclude that defendant has the better argument and that the evidence was not sufficient to corroborate Prisco's accomplice testimony.

Accomplice testimony is governed, in part, by ORS 136.440(1), which provides:

> "A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

In this case, the state does not dispute that Prisco was an accomplice witness or that it was required to corroborate her testimony implicating defendant. Thus, the only issue here is whether Prisco's testimony was sufficiently corroborated by other evidence tending to connect defendant with the crimes. Whether accomplice testimony is sufficiently corroborated is a question of law. *See State v. Riley*, 365 Or 44, 46, 443 P3d 610 (2019) (applying that standard). "Where there

is any evidence apart from that of the accomplice tending to connect the defendant with the commission of the crime, the question of whether the accomplice's testimony is corroborated is one for the trier of fact." *State v. Walton*, 311 Or 223, 243, 809 P2d 81 (1991) (quoted with approval in *Riley*, 365 Or at 50).

The state correctly points out that even "slight or circumstantial evidence" is sufficient for purposes of corroboration. *Riley*, 365 Or at 48 (citation omitted). "The corroborative evidence must connect the defendant with the charged crime, however, and it must do so in a way that does not depend on reference to the accomplice's testimony." *Id.*; *see also State v. Reynolds*, 160 Or 445, 458, 86 P2d 413 (1939) ("Testimony which tends to make the connection *only when supplemented by certain testimony of the accomplice* does not satisfy the law." (Internal quotation marks and citation omitted; emphasis in original.)). For that reason, the Supreme Court has also described this "well-established *** legal precedent in Oregon" as the "independent evidence rule." *Riley*, 365 Or at 49.

Defendant contends that this case is controlled by *State v. Lunetta,* 269 Or App 512, 345 P3d 465, *rev den*, 357 Or 551 (2015), even though in that case we determined that, viewed in its totality, the evidence *did* satisfy the requirements of ORS 136.440(1). In *Lunetta*, the defendant was convicted of multiple crimes after four men committed a robbery of an occupied home. *Id.* at 514. When the men left the home, they took a gun safe containing various items. *Id.* at 515. Later, the girlfriend of one of the accomplices observed her boyfriend, together with the defendant and two other men, divvying up items from a gun safe. *Id.* The victim's gun safe was ultimately found by law enforcement in the defendant's room, and there was evidence that the defendant had written letters suggesting that the accomplice's girlfriend should not testify at his trial. *Id.* At trial, the state presented accomplice testimony implicating the defendant in the robbery, and one of the victims of the robbery testified that "one of the robbers had a similar build to [the] defendant." *Id.* Relying on, among other things, the direct connection that the victim's testimony established between the defendant and one of the participants in the robbery, we

held that, viewed in its totality, the evidence readily corroborated the accomplice testimony. *Id.* at 517.

In urging a different outcome here, defendant emphasizes that, in contrast to *Lunetta*, the potentially corroborative evidence in this case is limited to a single bit of testimony: Schmunk's vague description of Prisco's associate. At trial, the state argued that evidence of defendant's connection to his grandfather's upholstery shop, where, according to Prisco, the tools had been taken, also corroborated Prisco's identification of defendant as her accomplice. However, the state no longer defends that position on appeal, and wisely so. Although the officer who accompanied Prisco to that location and saw defendant there more than four months after the theft was able to corroborate her testimony regarding defendant's connection to the shop, nothing about that location independently tied defendant to the theft. There was no evidence that defendant resided at or even visited his grandfather's property near the time of the theft, much less evidence that the stolen tools had ever been taken to that location. Thus, the only evidence tying that location—and with it, defendant—to either of the charged offenses was Prisco's testimony that the tools taken from the truck were later taken there. And, because that connection itself "depend[s] on reference to the accomplice's testimony," it cannot serve to corroborate Prisco's identification of defendant as her accomplice. *Riley*, 365 Or at 48. That is, when viewed independently from Prisco's testimony, evidence of defendant's ties to his grandfather's upholstery shop does not tend to connect defendant to the commission of the crimes.

Although the state does not seriously contend that the record contains corroborative evidence other than Schmunk's description of the man she saw, the state does argue that Schmunk's vague testimony—that the male might have been in his mid-twenties or thirties, appeared to be white, had a typical, shorter haircut and an average build, and that she could see the muscles in his arms as he carried the tools—was sufficient to corroborate Prisco's accomplice testimony. We disagree. Unlike in *Lunetta*, where there was independent testimony that the defendant's build was "similar" to that of one of the robbers, 269 Or App at 515, the

state in this case presented no evidence at all of defendant's physical appearance, either at the time of the offenses or at the time of trial; as a result, no evidence connected defendant to the description Schmunk gave in her testimony. In other words, Schmunk did not identify defendant in court as resembling the man that she had witnessed breaking into the truck, nor did she or any other witness describe defendant as fitting the physical description she had provided.[1]

Faced with that dearth of corroborative evidence, the state offers up one further argument as to how the record in this case satisfied the requirements of ORS 136.440(1). Specifically, the state argues that, because the trial court had ample opportunity to observe defendant in the course of the bench trial, we can infer that defendant matched Schmunk's description because the court would not have convicted him if he did not. Again we disagree. Although the state correctly observes that, on appeal from the denial of a motion for judgment of acquittal, we view the evidence—as well as inferences that *the evidence* reasonably supports— in the light most favorable to the state, we are aware of no support for the state's suggestion that we must also consider inferences wholly untethered to any evidence in the record. The state is effectively arguing that we can rely on what the evidence would likely have been had anyone put it in the record. It is axiomatic, however, that evidence that is not in the record is not considered evidence. For that reason, we decline to place any legal significance on the fact that the trial court found defendant guilty after having heard Schmunk's description of Prisco's associate; that is, we reject the state's argument that defendant's conviction somehow corroborates Prisco's accomplice testimony. In any event, in response to the state's argument that defendant matched Schmunk's general description of Prisco's companion, the trial court instead observed, "to say it more precisely, [it] is not that he matches but that he is not contra-indicated by

_____

[1] Schmunk's testimony included her ability to see the male's arm muscles. However, she also testified that the male appeared to be "waddling" as he carried what she thought to be a tool box. Not only was the musculature of defendant's arms not described or otherwise noted at trial, but, at best, the "waddling" Schmunk described is suggestive of a person whose muscles would be flexed because he was carrying something heavy, rather than a person whose musculature provides distinctive identifying information.

the description." Thus, when asked to draw the inference that the state suggests the court must have made—that defendant's description matched the description Schmunk had given—the trial court expressly declined to do so and, instead, simply observed that Schmunk's testimony did not eliminate defendant as a suspect. And, in our view, the mere fact that defendant could (like countless of other young men) have been the person that Schmunk saw with Prisco does not independently corroborate Prisco's accomplice testimony that he was, in fact, that person.

In sum, we conclude that, viewed in its totality, the evidence was not sufficient to corroborate Prisco's accomplice testimony. The state presented no evidence connecting defendant with the crimes that was independent of Prisco's testimony and, therefore, did not satisfy the independent evidence rule requirements of ORS 136.440(1). Thus, even when viewed in the light most favorable to the state, the evidence was insufficient to permit a reasonable factfinder to find, beyond a reasonable doubt, that defendant had committed the crimes with which he was charged. As a result, the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.