No. 92 February 12, 2025 765

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JOHN CASEY,
*Defendant-Appellant.*

Yamhill County Circuit Court
21CR42739; A180658

Ladd J. Wiles, Judge.

Submitted October 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Judgment of conviction on Counts 15 and 16 reversed and remanded for new trial; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals his convictions, after a bench trial, of multiple sexual offenses, challenging his convictions of two counts of using a child in display of sexually explicit conduct, ORS 163.670 (Counts 15 and 16).[1] He assigns error to the sufficiency of the evidence on Counts 15 and 16, contending that the evidence was not sufficient to establish an objectively "lewd exhibition" of five photographs of the minor victim's penis, as required by our opinion in *State v. Parra-Sanchez*, 324 Or App 712, 527 P3d 1008, *rev den*, 371 Or 333 (2023). The photos themselves are not in evidence, because defendant deleted them before they could be obtained by the police. The photos were described at trial in testimony by defendant and the victim. In his first assignment, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on Counts 15 and 16. In his second assignment, defendant contends that the trial court plainly erred in instructing itself on the elements of using a child in a display of sexually explicit conduct. In his third assignment, defendant contends that the trial court plainly erred in finding defendant guilty on Counts 15 and 16.

The state agrees that, in light of *Parra-Sanchez*, the trial court's speaking verdict on Counts 15 and 16 reflects a misunderstanding of the applicable legal standard relating to "lewd exhibition" and demonstrates that the court convicted defendant on a legally incorrect theory. The state therefore concedes the correctness of defendant's second and third assignments of error and that defendant's convictions must be reversed. We agree with and accept the state's concession and conclude that defendant's contentions in his second and third assignments of error are well-taken.

But the state disputes defendant's contention in his first assignment of error that he was entitled to a judgment of acquittal on Counts 15 and 16, asserting that the record includes sufficient evidence from which the factfinder could find the elements of the offense. The offense of using a child in a display of sexually explicit conduct occurs when

_____

[1] Defendant was also convicted of four counts of sodomy in the first degree, ORS 163.405 (Counts 1 to 4); and six counts of sexual abuse in the first degree, ORS 163.427 (Counts 5 to 10). Those convictions are not challenged on appeal.

a person "[e]mploys, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a visual recording." ORS 163.670(1)(a). "Sexually explicit conduct," in turn, means "actual or simulated" activity of the following kinds:

"(a)   Sexual intercourse or deviant sexual intercourse;

"(b)   Genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex or between humans and animals;

"(c)   Penetration of the vagina or rectum by any object other than as part of a medical diagnosis or treatment or as part of a personal hygiene practice;

"(d)   Masturbation;

"(e)   Sadistic or masochistic abuse; or

"(f)   Lewd exhibition of sexual or other intimate parts."

ORS 163.665(3). Defendant focuses on the "lewd exhibition" part of that definition, correctly citing the requirement in *Parra-Sanchez*, 324 Or App at 733 that "whether something constitutes a lewd exhibition is determined by reference to objective standards." We explained that to be "objectively lewd," the exhibition must be

"itself salacious or focused on sex. Thus, mere nudity can be encompassed in the definition of 'lewd exhibition' when it can be said to be lascivious or salacious—not simply nudity in the context of ordinary, daily activities such as showering or dressing."

*Id.* at 721. "Lewd exhibition," we held,

"must be assessed through an examination of the characteristics of the exhibition as it would be perceived by a viewer of the display or recording, and not through an examination of the subjective intentions of the child, the intended viewer, or the person creating the display, if that person is someone other than the child or the viewer."

*Id.* at 733. We cited with approval in *Parra-Sanchez* six factors that "can be useful guideposts" in applying the objective standard:

"1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer."

*Id*. at 734 (quoting *United States v. Dost*, 636 F Supp 828, 832 (SD Cal 1986), *aff'd sub nom United States v. Wiegand*, 812 F2d 1239 (9th Cir 1987), *aff'd,* 813 F2d 1231 (9th Cir 1987) (internal quotation marks omitted)).

Defendant contends in his first assignment of error that, because photos of the victim's penis were not in evidence and no other evidence indicated that the photos were sexual in nature, in considering the *Dost* factors, no rational factfinder could find that the photos were "salacious or focused on sex." *Parra-Sanchez*, 324 Or App at 721.

The state responds that, viewing the evidence in the light most favorable to the state, *State v. Baker*, 299 Or App 779, 780, 452 P3d 1066 (2019), the evidence at trial was sufficient to permit inferences establishing "lewd exhibition" under the objective standard and the six *Parra-Sanchez* factors, and we agree. The focal point of the five photos was victim's penis—a child's genitalia—as described in the first factor; the evidence would support an inference that the victim's penis was erect, in a "pose generally associated with sexual activity" and suggesting a "willingness to engage in sexual activity," as described in the second and fifth factors. The evidence further supported an inference that the victim was nude in the pictures, as described in the fourth factor. We conclude that the evidence was sufficient to allow a rational factfinder to find beyond a reasonable doubt that the photos were "salacious or focused on sex," and we therefore reject defendant's contention that the trial court erred in denying a motion for judgment of acquittal.

Judgment of conviction on Counts 15 and 16 reversed and remanded for new trial; remanded for resentencing; otherwise affirmed.